AARON C. WALDRON *versus* WILLIAM BERRY & al.

In an action upon a bond given to procure the release of a debtor from arrest on mesne process, the condition of which has not been performed, where there was no evidence in relation to the amount of damages, excepting that the poor debtor's oath had been irregularly taken by the debtor before two magistrates who had certified that he was clearly entitled to have the oath administered after a disclosure of his affairs, it was held, that execution should issue for nominal damages only.

DEBT on a bond dated June 9, 1841, given to procure the release of Berry from arrest on mesne process at the suit of the plaintiff. Within fifteen days after final judgment in the suit, the plaintiff was cited by Berry to attend to his examination and oath before two justices, on Nov. 18, 1841, more than fif-

teen days after the judgment. On the day last mentioned, two justices of the peace, each of the quorum, selected by the debtor, administered to Berry the oath prescribed in the poor debtor act of 1836. It was agreed, that the Court should render such judgment, as the law authorizes, and assess such damages as a jury would be warranted in assessing. There was no evidence whatever respecting the ability or inability of Berry to pay the debt, unless what was shown by the proceedings before the justices.

*M'Arthur* argued for the plaintiff, and cited the poor debtor acts of 1835, and of 1836, and of the Revised Statutes; *Oriental Bank* v. *Freese,* 18 Maine R. 109, and *Morse* v. *Rice,* in Cumberland, (21 Maine R. 53.)

*Caverly* argued for the defendants, and cited *Hastings* v. *Lane,* 3 Shepl. 134; 12 Mass. R. 385; *Morse* v. *Rice,* in Cumberland (21 Maine R. 53.); *Oriental Bank* v. *Freese,* 18 Maine R. 112; 12 Wheat. 262; 18 Maine R. 152; 3 Metc. 568; 18 Maine R. 23; 3 Greenl. 156.

The opinion of the Court was by

SHEPLEY J. — The proceedings exhibited in the agreed statement of facts, do not prove a performance of the condition of the bond, as was decided in the case of *Burbank* v. *Berry, ante* p. 483.

In that case it was also decided, that the amount of damages to which the plaintiff might be entitled was not regulated by statute.

In this case there is no other testimony to prove the losses, which the plaintiff may have sustained, than the oath of the debtor irregularly taken before the magistrates, and their certificate, that he was clearly entitled to have that oath administered after a disclosure of his affairs. If there could have been any testimony produced to counteract the effect of these proceedings, it is to be presumed, that it would have been introduced.

In the absence of any such testimony the Court is not

authorized to conclude, that the plaintiff has suffered any material injury; and execution must issue for nominal damages only.